UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DWIGHT BADGER, and KEITH DAUBENSPECK, <br><br> Plaintiffs, <br><br> v. <br><br> KR SRIDHAR, WILLIAM KURTZ, and RANDY FURR, jointly and severally, <br><br> Defendants. | Case No. 1:19-cv-04305 <br><br> Hon. Judge Charles P. Kocoras |

## JOINT MOTION TO STAY PENDING ARBITRATION

Pursuant to Federal Rule of Civil Procedure 16 and the Federal Arbitration Act, 9 U.S.C. § 3, Plaintiffs Dwight Badger and Keith Daubenspeck and Defendants KR Sridhar, William Kurtz and Randy Furr (collectively, the "Parties") hereby jointly request that this action be stayed pending the conclusion of an ongoing confidential arbitration of related claims. Defendants hereby join in this motion solely for the purpose of staying this action; they do not concede to the jurisdiction of this Court and they request a finding that no Defendant has waived any defense or objection under Federal Rule of Civil Procedure 12(b), including jurisdictional defenses. In support of this motion, the Parties state the following:

1. On September 19, 2018, Plaintiffs initiated an arbitration before the American Arbitration Association, Case No. 01-18-0002-7891, concerning nearly identical allegations to those at issue here against the employer (or former employer) of Defendants. There, as here, Plaintiffs have asserted claims for federal securities fraud, California securities fraud, fraudulent

inducement, and violations of the California unfair competition law relating to a settlement agreement between Plaintiffs and other entities, including Defendants' employer.

2. Plaintiffs filed the Complaint to protect their claims against Defendants from becoming stale. Plaintiffs agree that staying the federal litigation during the pendency of the ongoing arbitration will be more efficient and will preserve the federal court's judicial resources. Defendants agree that it would be more efficient and would preserve judicial resources for the arbitration to be resolved before this lawsuit proceeds. Further, Defendants do not concede that the Court has personal jurisdiction over them. Nevertheless, to preserve the Parties' resources and those of the Court, the Parties have agreed and hereby jointly move to stay this action pending the outcome of the ongoing arbitration. *See Kovachev v. Pizza Hut, Inc.*, No. 12 C 9461, 2013 WL 4401373, at *3 (N.D. Ill. Aug. 15, 2013) ("Here, especially because Kovachev does not oppose LLC's motion, a stay of the entire litigation pending arbitration is warranted.").

3. In jointly moving for a stay pending arbitration, Defendants expressly do not waive any defenses under law, including jurisdictional defenses under Federal Rule of Civil Procedure 12. This Court has found that defendants may move to stay an action where there is a related arbitration proceeding pending, yet retain jurisdictional defenses because otherwise an unacceptable "catch-22 situation" could result. *Schacht v. Hartford Fire Ins. Co.*, No. 91 C 2228, 1991 WL 171377, at *5 (N.D. Ill. Aug. 30, 1991) (Kocoras, J.); *see also IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 539-40 (7th Cir. 1998) ("There is no merit to the plaintiffs' argument that [parent corporation defendant] waived its defense to personal jurisdiction by participating in the litigation on the merits" where defendants had requested a stay of proceedings to permit arbitration before the trial court dismissed the parent corporation defendant for lack of personal jurisdiction); *Mobile Anesthesiologists Chicago, LLC v.*

*Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (holding defendant's motion to continue a preliminary injunction hearing and to request expedited discovery to prepare for that hearing were "preliminary actions" that "do not come close to what is required for waiver or forfeiture" of a personal jurisdiction defense).

4. Before filing this motion, the Parties conferred and agreed to the relief sought here. No Party will be prejudiced by the stay, and the Parties do not seek this relief for any improper purpose.

WHEREFORE, the Parties respectfully request that the Court enter an Order staying this action pending resolution of the ongoing arbitration referenced in Paragraph 1 of this Motion and finding that no Defendant has waived any defense under Federal Rule of Civil Procedure 12.

Dated: August 6, 2019

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Andrew J. Munro* | */s/ Hille R. Sheppard* |
| Andrew J. Munro | Hille R. Sheppard |
| MOTOR CITY LAW, PLLC | SIDLEY AUSTIN LLP |
| 4892 Grand River Avenue | One South Dearborn |
| P.O. Box 441847 | Chicago, IL 60603 |
| Detroit, MI 48244-1847 | (312) 853-7000 |
| (313) 442-7800 | (312) 853-7063 (fax) |
| amunro@motorcitylawpllc.com | hsheppard@sidley.com |
| *Attorneys for Plaintiffs* | Jessica Valenzuela Santamaria (*pro hac vice* pending) |
| | COOLEY LLP |
| | 3175 Hanover Street |
| | Palo Alto, CA 94304-1130 |
| | (650) 843-5000 |
| | (650) 849-7400 (fax) |
| | jvs@cooley.com |
| | *Attorneys for Defendants* |

ACTIVE 246914115v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2019, I electronically filed the foregoing document with the clerk of the court of the Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

      */s/ Hille R. Sheppard*
      Hille R. Sheppard